# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. W. KOKOR, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-01565-AWI-SKO (PC)<br><br>ORDER ADDRESSING MOTION FOR CLARIFICATION AND DENYING MOTION TO COMPEL AND/OR FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES, WITHOUT PREJUDICE TO RENEWAL<br><br>(Doc. 35) |

　　　　Plaintiff Arthur T. Bussiere, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2013.  This action is proceeding on Plaintiff's amended complaint against Defendants Kokor, Hashemi, and Tiggs Brown for violation of the Eighth Amendment of the United States Constitution.  On October 15, 2015, Plaintiff filed a motion seeking clarification regarding Defendants' response to his second set of interrogatories and related relief.[1]

　　　　If Plaintiff disagrees with Defendants' responses to his interrogatories, he must file a motion to compel accompanied by a copy of his interrogatories and Defendants' responses.  The Court cannot adjudicate a discovery dispute in the absence of the relevant discovery requests and responses.  If the dispute instead arises from Plaintiff's attempt to serve more than twenty-five

---

[1] The Court elects to address Plaintiff's motion without waiting for Defendants to respond, as there is no prejudice to Defendants in light of Plaintiff's failure to meet his burden as the party moving for relief.  Local Rule 230(*l*).

interrogatories and Defendants declined to respond voluntarily, as appears to be the situation, Plaintiff is required to seek leave of court to exceed the interrogatory limit. Fed. R. Civ. P. 33(a)(1). In doing so, Plaintiff must provide a copy of the interrogatories he already served, a copy of Defendants' responses, and a written explanation regarding the content of the additional interrogatories he seeks to serve.[2] The discovery deadline is not until December 7, 2015, which gives Plaintiff ample time to file the appropriate motion with the Court. If, after Defendants respond to the motion, the Court determines the motion has merit, it will extend the discovery deadline to the limited extent necessary to allow Plaintiff to seek the additional discovery identified in his motion.

Accordingly, Plaintiff's motion for clarification is deemed addressed and resolved. To the extent Plaintiff is seeking to compel a response to his interrogatories and/or for leave to serve additional interrogatories, his motion is DENIED without prejudice to renewal in compliance with the terms of this order.

IT IS SO ORDERED.

Dated:   **October 16, 2015**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories. . . ." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.