# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE, | Case No. 1:13-cv-01565-SKO (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM and DENYING PLAINTIFF'S REQUEST TO PROPOUND REQUESTS FOR ADMISSIONS |
| v. | |
| DR. W. KOKOR, et al., | |
| Defendants. | (Docs. 39, 40, 41) |

## I. INTRODUCTION

Plaintiff, Arthur T. Bussiere, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2013.  This action is proceeding on Plaintiff's First Amended Complaint against W. Kokor, M.D., N. Hashemi, M.D., and A. Tiggs-Brown, P.A. ("Defendants") for deliberate indifference to Plaintiff's medical needs in violation of the Eight Amendment regarding care and treatment for cirrhosis of Plaintiff's liver. (Doc. 12.)

On November 6, 2015, Plaintiff filed a motion requesting a subpoena duces tecum and service of requests for admissions (Doc. 39) along with a copy of the subpoena he wants issued (Doc. 40) and the requests for admissions he wants served (Doc. 41).  Defendants filed neither opposition, nor any other form of response.  The motion is deemed submitted.  L.R. 230(*l*).

//

//

//

## II.  DISCUSSION

**A.     Plaintiff Is Entitled to Relevant Medical Records Via Subpoena Duces Tecum**

Plaintiff seeks copies of his medical records which pertain to procedures performed by Dr. Rajeev Krishan at Mercy Hospital in Bakersfield, California.  (Doc. 39.)

Rule 45 of the Federal Rules of Civil Procedure ("Rule")[1] permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34.  *See* Adv. Comm. Note to 1991 Amendment to FRCP 45.  Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Fed. R. Civ. P. 26(b).  *Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955).  Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, under Rule 34, the test for admissibility is the relevance of the requested material.  *Meeks*, at *2 (citing *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v. Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka Maritime Corp., Inc*., 163 F.R.D. 584 (C.D.Cal.1995)).

"The law [of discovery] begins with the presumption that the public is entitled to every person's evidence." *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D.Cal.1976).  A nonparty may be compelled to produce documents and tangible things as provided in Rule 45.  Fed. R. Civ. P. 34(c).  Assuming that the subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(c)(1) and (d)(1).

Plaintiff is proceeding in this action on claims that Defendants were deliberately indifferent to his cirrhotic liver condition. Thus, he is entitled to have a subpoena duces tecum issue for production of the medical records of the procedures related to his cirrhosis performed by Dr. Krishan at Mercy Hospital.

However, the subpoena duces tecum lodged by Plaintiff does not adequately identify the documents he seeks to obtain. Instead of requesting a copy of his medical records, Plaintiff states: "Plaintiff request the attached admissions be answered and the medical records authenticated by the witness Dr. Krishan." (Doc. 40, p. 2.) Despite this defect, it is obvious that Plaintiff is seeking a copy of medical records pertaining to care and treatment he received from Dr. Krishan.

Due to the age and current posture of this case, Plaintiff's request is granted and a subpoena duces tecum to obtain copies of records from procedures performed by Dr. Krishan on Plaintiff at Mercy Hospital in Bakersfield, California, will issue within fifteen (15) days requesting production of copies reflecting the following:

> (1)  any and all documents, reflecting any and all medical care and treatment   provided to Plaintiff for his cirrhosis of the liver, and related medical conditions, by Dr. Rajeev Krishan at Mercy Hospital in Bakersfield, California.

Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of a subpoena on the custodian of records at Mercy Hospital in Bakersfield, California, for the above records, following the passage of 15 days from the date of service of this order.

**B.  Plaintiff May Not Serve Requests for Admissions on Non-Party Dr. Krishan**

Plaintiff apparently also desires to have Dr. Krishan subpoenaed to respond to a set of requests for admissions which he has lodged with the present motion. (Docs. 39, 41.) However, a party may only serve requests for admissions on another party. Fed.R.Civ.P 36(a)(1). Dr. Krishan is not a party to this action. He appears to be a physician who provided care and treatment to Plaintiff for his liver condition at Mercy Hospital in Bakersfield, California. Thus, Plaintiff's

3

motion to have requests for admissions served on Dr. Krishan is denied.

### III.  ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, filed on November 6, 2015, (Doc. 39), is **GRANTED in PART** and **DENIED in PART** as follows:

1. Plaintiff's motion for the issuance of subpoenas duces tecum is **GRANTED** consistent with this order;
2. The issuance of subpoenas duces tecum directing the custodian of records for Mercy Hospital in Bakersfield, California, to produce responsive documents to the request as set forth above is hereby authorized;
3. Pursuant to Rule 45(b)(1), the parties are placed on notice that the subpoena duces tecum will issue fifteen following the date of service of this order; and
4. Plaintiff's motion for service of requests for admissions on non-party Dr. Rajeev Krishan is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 7, 2016**                             /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE