# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. W. KOKOR, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-01565-SKO (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO EXCEED THE INTERROGATORY LIMIT OF FED. R. CIV. P. 33<br><br>(Docs. 37, 44, 52) |

## I.  INTRODUCTION

Plaintiff, Arthur T. Bussiere, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2013.  This action is proceeding on Plaintiff's Fist Amended Complaint against W. Kokor, M.D., N. Hashemi, M.D., and A. Tiggs-Brown, P.A. ("Defendants") for deliberate indifference to Plaintiff's medical needs in violation of the Eight Amendment regarding care and treatment for cirrhosis of Plaintiff's liver. (Doc. 12.)

On October 28, 2015, Plaintiff filed a motion requesting to be allowed to exceed the interrogatory limit pursuant to Rule 33(A)(1) of the Federal Rules of Civil Procedure.[1]  (Doc. 37.) Plaintiff also filed a proposed set of interrogatories dated October 7, 2015, which contained five interrogatories to each Defendant.  (Doc. 38.)  On November 17, 2015, Defendants filed a notice

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

1  of non-opposition to responding to five additional interrogatories per each defendant.  (Doc. 42.)

2        On December 4, 2015, Plaintiff filed a motion providing clarification that he wanted

3  Defendants to be required to respond to not five, but also to an additional twenty-five

4  interrogatories.  (Doc. 44.)  Defendants were granted leave to file a sur-reply with which they

5  complied.  (Docs. 45, 46.)  Plaintiff filed a response to Defendants' sur-reply with a motion for

6  leave to do so which was granted.  (Docs. 47, 48, 49.)  This motion is deemed submitted.  L.R.

7  230(l).

8        For the reasons discussed below, Plaintiff's motion to compel Defendants to provide

9  responses to interrogatories beyond the limit set by Rule 33 is **GRANTED in PART and**

10  **DENIED in PART.**

11                **II.  LEGAL STANDARD**

12        Rule 33 defines the parameters of discovery via interrogatories.  Parties are required to

13  seek leave of court to propound more than twenty-five interrogatories on another party.  Fed. R.

14  Civ. P. 33(a)(1).  Leave to serve additional interrogatories may be granted consistent with Rule

15  26(b)(1) and (2).  *Id.*  Rule 26 limits parties to discovery requests that are relevant to the subject

16  matter involved in the pending action, or reasonably calculated to lead to discovery of admissible

17  evidence.  *Epstein v. MCA, Inc.*, 54 F.3d 1422 (9th Cir. 1995), citing Fed. R. Civ. Pro. 26(b)(1).

18  Notwithstanding the general right to discovery, courts have the power to limit the frequency and

19  extent of any discovery method, Fed. R. Civ. Pro. 26(b) & (c), and may limit discovery "to protect

20  a party or person from annoyance, embarrassment, oppression, or undue burden or expense" Fed.

21  R. Civ. Pro. 26(c).

22                **III.  DISCUSSION**

23    **A.  The Parties' Positions**

24        Plaintiff propounded a first set of twenty-five interrogatories on each of the Defendants.

25  (*See* Doc. 37, pp. 5-24.)  A review of Defendants' responses (*id.*, at pp. 26-52) prompted Plaintiff

26  to think of additional interrogatories to which he desired responses (*id*, pp. 1-2).  Thus, on August

27  7, 2015, Plaintiff served each Defendant with an additional set of twenty-five interrogatories.  (*Id.*,

28  pp. 86-104.)  Defendants responded with blanket objections that Plaintiff had already propounded

the twenty-five interrogatories allowed by Rule 33 in his first set. (*Id.*, pp. 113-114.) However, in a conciliatory effort, the same day their objections were served, Defendants sent Plaintiff correspondence indicating a willingness to allow Plaintiff to propound an additional five interrogatories on each of them if Plaintiff would serve them anew. (*Id.*, p. 112.) Plaintiff took Defendants up on this offer and, on October 7, 2015, served them each with a set of five interrogatories which he filed as an exhibit to his motion (*id.*, pp. 106-111), and as separate docket entry (*see* Doc. 38).[2]

Plaintiff's motion is quite sparse and, though followed by approximately one-hundred thirteen pages of exhibits, contains only about one page of argument to support his request to exceed the number of interrogatories allowed by Rule 33. (*Id.*, pp. 1-2.) Plaintiff's only basis for propounding additional interrogatories on each Defendant is that their responses to his first set of interrogatories and their production of documents "left more questions that needed to be answered." (*Id.*, p. 1.)

Defendants responded to Plaintiff's motion by filing a statement of non-opposition (Doc. 42) in which they indicated their willingness to respond to the set dated October 7, 2015, (which contained five interrogatories per Defendant) (Doc. 38). Defendants requested a sixty-day extension to the discovery deadline with thirty days to respond to Plaintiff's set of interrogatories dated October 7, 2015, from the date of the ruling on the present motions. (Doc. 42.)

Plaintiff then filed a "motion" (Doc. 44) stating he agreed with the extensions of time proposed by Defendants and clarified that he wanted Defendants to respond to both the set of interrogatories dated August 7, 2015, which contained twenty-five interrogatories (*see* Doc. 37, pp. 86-104), *and* the set dated October 7, 2015, which contained only five interrogatories (*see* Doc. 37, pp. 106-111 & Doc. 38).

Defendants responded that the Court does not have the ability to evaluate the reasonableness of Plaintiff's requests since they believed Plaintiff failed to submit the set dated

---

[2] Plaintiff titled both the sets of interrogatories dated August 7, 2015, and October 7, 2015 as his "Second Set." To avoid confusion, these sets are referred to by the date served rather than as "Second Sets."

3

August 7, 2015.³ (Doc. 46.) However, Defendants reiterated their willingness to respond to the additional five interrogatories to each of them as delineated in the set dated October 7, 2015. (*Id.*)

In his final response, Plaintiff asserted, for the first time, that Defendants' responses to his first set of interrogatories contained "about 21 unanswered questions" to which he needs responses and that the responses Defendants provided "opened the door to clarify Defendants responses and in order to compeat (sic) Plaintiff's discovery . . . ." (Doc. 47, p. 1.) Plaintiff argues that, by offering to respond to five more interrogatories each, Defendants concede that the responses they provided to Plaintiff's first twenty-five interrogatories were deficient. (*Id.*, pp. 2, 4.) Plaintiff also asserts that the set of twenty-five interrogatories are not cumulative or duplicative and can be responded to in about half an hour, and that the benefit to Plaintiff outweighs any inconvenience to Defendants. (*Id.*, p. 3.) Finally, Plaintiff asserts that none of his interrogatories are argumentative or irrelevant; rather they are necessary because Defendants failed to respond properly or at all to his first set of interrogatories. (*Id.*, pp. 3-4.)

**B. Analysis**

**1. Plaintiff May Serve Interrogatories in Excess of Rule 33**

Rule 33 limits parties to propounding twenty-five interrogatories on another party. In regular civil actions, the parties must also provide initial disclosures as directed by Rule 26. However, subsection (a)(1)(B)(iv) of Rule 26 exempts "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" from those initial disclosures. Plaintiff's request to propound interrogatories in excess of the limits of Rule 33 is viewed in light of the fact that neither side was required to provide Rule 26 disclosures in this action.

Notwithstanding whether Rule 26 disclosures have been made, "the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity

---

³ Defendants apparently overlooked pages 86-104 of Plaintiff's motion (Doc. 37) where he enclosed the set dated August 7, 2015, containing twenty-five interrogatories to each of the Defendants.

obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Further, "a plaintiff seeking discovery must allege 'enough facts to raise a reasonable expectation that discovery will reveal' the evidence he seeks." *Dichter-Mad Family Partners, LLP*, 709 F.3d 749, 751 (9th Cir. 2013); *see also Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998).

The Court has reviewed Plaintiff's first set of interrogatories on the Defendants, as well as every additional interrogatory that Plaintiff seeks to have Defendants respond to -- both in the set dated August 7, 2015, which contains twenty-five interrogatories to each Defendant, and in the set dated October 7, 2015, which contains five of interrogatories to each Defendant. The vast majority of Plaintiff's interrogatories are tailored to each Defendant's specific involvement in his care and treatment for symptoms related to his liver condition.

There are only a handful of new interrogatories which are either not related to this medical condition, or are otherwise improper. Specifically, in the set dated August 7, 2015, question No. 2 to Dr. Kokor (Doc. 37, p. 87), inquires about a prescription for a seizure condition which is not at issue in this action and therefore is not relevant. In that same set, question No. 18 to Dr. Kokor (Doc. 37, p. 90) is nonsensical. Question No. 19 to PA Tiggs-Brown is also improper in that it asks why a false statement was given to question No. 1 in the first set of interrogatories. (Doc. 37, p. 103.) If Plaintiff believes the response was false, he may use this evidence for cross-examination before of a trier of fact. Likewise, in that same set, question No. 25 to PA Tiggs-Brown, Plaintiff asks for truthful answers under oath. This is improper as an interrogatory and it is not phrased as a question seeking an evidentiary response.

### 2. Plaintiff's Request to Compel Clarifying Responses to His First Set of Interrogatories is Deficient and Untimely

In Plaintiff's final response (Doc. 47), he asserts for the first time that Defendants should be required to respond to both of his second sets of interrogatories since Defendants' responses to his first set of interrogatories were deficient.

If Defendants object to one of Plaintiff's discovery requests that Plaintiff believes is unjustified, it is Plaintiff's burden in his motion to compel to demonstrate why the objection is not justified. *See Glass v. Beer,* No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23, 2007). Plaintiff must inform the Court which discovery requests are the subject of his motion to compel and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified. *Id.*, *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Singleton v. Hedgepath,* No. 1:08-cv-00095-AWI, 2011 WL 1806515, at *4 (E.D. Cal. May 10, 2011); *Williams v. Adams*, 1:05-cv-00124-AWI-SMS (PC), 2009 WL 1220311, *1 (E.D. Cal. May 4, 2009).

Plaintiff's motion, when viewed as seeking to compel clarification of previous responses is deficient. Plaintiff does not, in any way, address any specific objections stated by Defendants to his first set of interrogatories.[4] Plaintiff does not identify to which requests in his first set of interrogatories he wishes to compel further responses. Plaintiff fails to address the relevance of further information he seeks and/or why any objections are irrelevant, and does not even identify specific deficiencies in any of Defendants' responses to his first set of interrogatories.

Further, Plaintiff did not raise the possibility that he was less than satisfied with Defendants' responses to his first set of interrogatories until his response to Defendants' sur-reply. (Doc. 47.) Thus, Defendants were not on notice of any such asserted shortcomings and had no opportunity to respond. Finally, any issue of insufficiency of Defendants' responses to Plaintiff's first set of interrogatories on January 12, 2016 (*see* Doc. 47) is untimely since the deadline to file motions to compel discovery responses lapsed on December 7, 2015, (*see* Doc. 26).

Any request by Plaintiff to compel further responses to his first set of interrogatories is both deficient and untimely. As such, Plaintiff's motion to compel P.A. Tiggs-Brown to respond to question No. 12, in the second set, dated August 7, 2015, (Doc. 37, p. 102), which attempts to obtain a "proper answer" to question No. 15, is denied.

///

---

[4] This would be difficult to do as Defendants, admirably, raised relatively few objections to any interrogatories in Plaintiff's first set.

## IV.  ORDER

Accordingly, it is HEREBY ORDERED that:

    A.  Plaintiff's motions to compel interrogatory responses from Defendants, filed on October 28, 2015, (Doc. 37) is **GRANTED in PART and DENIED in PART** as follows:

        1.  within forty-five (45) days of the date of service of this order:

            a.  Defendants shall provide responses to all of Plaintiff's second set of interrogatories, dated August 7, 2015, found at pages 86 through 104 in Doc. 37 *except*:

                No. 2 to Dr. Kokor (Doc. 73, at p. 87);

                No. 18 to Dr. Kokor (Doc. 73, at p. 90);

                No. 12 to PA Tiggs-Brown (Doc. 37, p. 102);

                No. 19 to PA Tiggs-Brown (Doc. 37, p. 103); and

                No. 25 to PA Tiggs-Brown (Doc. 37, p. 104);

            b.  Defendants shall provide responses to all of Plaintiff's second set of interrogatories, dated October 7, 2015, found in Doc. 38 and at pages 106-115 of Doc. 37; and

            c.  Defendants shall file a copy of their proof of service of the above responses on Plaintiff which they shall title "Defendants' Proof of Service of Interrogatory Responses";

        2.  Plaintiff has forty-five (45) days from the date of service of Defendants' responses as set forth above to file a motion seeking to compel clarification and/or further responses.  Plaintiff may not propound any further discovery on Defendants.

    B.  The discovery deadline in this case is extended until forty-five days after the date of Defendants' proof of service of their interrogatory responses on Plaintiff;

    C.  Plaintiff's motion of clarification, filed on December 4, 2015, (Doc. 44), and his motion for status, filed on February 18, 2016, (Doc. 52) are **DISREGARDED** as

they are rendered moot by this order; and

D.   No further extensions of discovery will be granted absent a showing of good cause.

IT IS SO ORDERED.

Dated:   **June 8, 2016**                                             /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE