# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. W. KOKOR, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:13-cv-01565-AWI-SKO<br><br>**ORDER FOR ADDITIONAL BRIEFING**<br><br>(Doc. 73) |

      Before the Court is Defendants' Notice of Motion and Defendants' Motion for Summary Judgment (the "Motion"). (Doc. 73.) In the Motion and the exhibits in support of the Motion, Defendants contend they "are not in charge of scheduling medical visits for inmates" and "[t]he actual process of scheduling is done by the separate Utilization Management department." (*Id.*, Ex. 3 ¶ 11.) In his opposition brief, Plaintiff asserts that Defendants are responsible "for filing a CDC 7221 doctors request form," which "goes to the C.M.O[.]" and "then to the Utilization Management Department." (Doc. 76 at 33.) The Court notes, however, that the parties did not provide documentary evidence describing the process for inmates to receive permission to go to an outside hospital, or demonstrating whether that process requires an action by prison officials, such as Defendants. The Court finds that additional briefing on this topic is necessary.

Additionally, Defendants argue in the Motion that Plaintiff submitted "his requests for medical service forms about Prilosec . . . . after his treatment with [Defendant] Tiggs-Brown." (Doc. 73, Ex. 1 at 11.) Defendants also provided the affidavit of Defendant Tiggs-Brown, in which this Defendant states that "Prilosec did not show up on Plaintiff's active medication record (Medication Reconciliation form)" during Plaintiff's July 2012 visits with Defendant Tiggs-Brown. (Doc. 73, Ex. 5 ¶ 14.) The Court notes, however, that the parties have not provided any evidence demonstrating whether Plaintiff had to submit a Medication Reconciliation form to receive Prilosec, or whether Defendant Tiggs-Brown had the authority to give Plaintiff Prilosec if this medication was not on Plaintiff's active medication record. The Court finds that briefing on this topic is also necessary.

For the foregoing reasons, the Court ORDERS the parties to file additional briefing, including documentary evidence, addressing the following:

(1) the process for inmates at Plaintiff's facility to receive permission to go to an outside hospital or receive treatment from an outside physician during the time period at issue in this case;

(2) whether Defendants were required to take any action, whatsoever, in order for Plaintiff to go to an outside hospital or receive treatment from an outside physician during the time period at issue in this case; and if so, whether Defendants performed the required action in order for Plaintiff to go to an outside hospital or receive treatment from an outside physician;

(3) whether Plaintiff had to submit a Medication Reconciliation form to receive Prilosec during the time period at issue in this case; and

(4) whether Defendant Tiggs-Brown had the authority to give Plaintiff Prilosec in July 2012 if this medication was not on Plaintiff's active medication record.

Defendants shall file the briefing that is the subject of this order no later than **December 21, 2016.** Due to the upcoming holidays, Plaintiff may file responsive brief no later than **January 11, 2016**.

The Court cautions the parties that, "[i]n order to avoid summary judgment, a non-movant must show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in its favor." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citation omitted).

1  "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."  *Id.* (citing *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007)); *see, e.g.*, *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997) ("Once the [moving party] has made a prima facie case for summary judgment, the [non-moving party] cannot rely on general denials; [they] must produce significant probative evidence that demonstrates that there is a genuine issue of material fact for trial." (citation omitted)).

IT IS SO ORDERED.

Dated:   **December 13, 2016**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE