# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIGGS-BROWN,<br><br>　　　　Defendant. | Case No. 1:13-cv-01565-AWI-SKO (PC)<br><br>**SECOND SCHEDULING ORDER**<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY DAYS**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF**<br><br>Telephonic Trial Confirmation Hearing: January 19, 2018, at 1:30 p.m. in Courtroom 2<br><br>Jury Trial: February 27, 2018, at 8:30 a.m., Courtroom 2 |

Plaintiff, Arthur T. Bussiere, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint (Doc. 12), filed on June 2, 2014, against Defendant Tiggs-Brown for deliberate indifference to Plaintiff's serous medical needs in violation of the Eighth Amendment. The dispositive motion was ruled on (Doc. 94) and the settlement conference was unsuccessful (Doc. 107). Accordingly, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court now sets a further schedule for this litigation.

I.　**Pretrial Statements**

The parties are required to file pretrial statements pursuant to Local Rule 281 and must comply with the schedule set forth herein. **Failure to comply with the provisions of this Order or the Local Rules may result in the imposition of sanctions up to and including dismissal of**

1

**the action, or entry of default.**

**II.     Witnesses & Evidence**

At trial, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff desires to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify. Plaintiff is required to make a particularized showing in accordance with the procedures and requirements outlined in detail below. Plaintiff is advised that failure to comply with these procedures may result in the preclusion of any and all witnesses named in his pretrial statement.[1]

**A.     Procedures for Obtaining Attendance of Incarcerated Witnesses**

An incarcerated witness cannot come to court to give testimony unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts. Motions for the attendance of incarcerated witnesses who agree to testify voluntarily, as well as for those who do not agree to testify voluntarily, must be served and filed **concurrent with the pretrial statement**. Any such motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses will be brought to court. The Court will then issue the necessary order to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before October 22, 2017. Oppositions, if any, must be filed on or before November 27, 2017.**

/ / /

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

1. **Motions For Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily**

A party intending to introduce the testimony of incarcerated witnesses who agree voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and has actual, first-hand knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways: (1) Plaintiff can submit a declaration, under penalty of perjury, that the prospective witness has informed him/her of their willingness to testify without being subpoenaed which shows when and where the prospective witness so informed Plaintiff; or (2) Plaintiff can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states a willingness to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if Plaintiff has actual, firsthand knowledge that the prospective witness was an eye-witness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), Plaintiff can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) Plaintiff may serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by Plaintiff or by the prospective witness, it must specify when and where the incident occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred when it occurred.

2. **Motions for Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily**

If Plaintiff desires to obtain the attendance of incarcerated witnesses who refuse to testify

voluntarily, Plaintiff should submit a motion in the form described above. Plaintiff must also indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

      **B.**      **Procedures for Obtaining Attendance of Unincarcerated Witnesses**

           **1.**      **Voluntary**

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

           **2.**      **Involuntary**

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. The party seeking the witness's presence must also tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of **$40.00 plus the witness's travel expenses.** 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, **Plaintiff must submit the name and location of each unincarcerated witness on or before October 6, 2017.** The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the cost. Then, for each witness, **on or before November 10, 2017, Plaintiff must submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee**. **The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless and until the money order is tendered to the Court.** Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

**III.**    **Magistrate Judge Jurisdiction**

Magistrate Judge jurisdiction has been declined. Nevertheless, as the trial scheduling considerations discussed below may justify a reconsideration of a past decision not to consent, the Court requires all parties to file an updated consent/decline form. Accordingly, the Clerk's Office will provide the parties with another set of consent/decline forms. **Within 30 days** from the date

4

of service of this order, the parties shall file executed forms indicating whether they consent to or decline Magistrate Judge jurisdiction. They shall do so even if they have previously filed such a form and even if there has been no change in position with regard to consent.

The following is important information about scheduling and trailing cases that should be considered in determining whether to consent to Magistrate Judge jurisdiction. While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent.

**IV.** **Trial Scheduling Considerations**

District Court Judges of the Fresno Division of the Eastern District of California have the heaviest caseload in the nation. As a result, each District Judge schedules multiple trials to begin on every available trial date. The law requires that the Court give criminal trials priority over civil trials and other matters. A civil trial set to begin while a criminal trial is proceeding will "trail" (i.e., await the completion of, the criminal trial). Since continuance to a date certain would simply postpone, but not solve, the problem, continuances of a civil trial will no longer be entertained, absent a specific showing and finding of good cause.

The Court cannot give advance notice of which cases will trail or for how long they may trail because the Court does not know which cases actually will go to trial or precisely how long each will last. Once your trial date arrives, counsel, parties, and witnesses must remain on 24-hour-stand-by until a court opens. The Court will use its best efforts to mitigate the effect of the foregoing and to resolve all cases in a timely manner.

One alternative is for the parties to consent to a United States Magistrate Judge conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The Eastern District Magistrate Judges, all experienced former trial lawyers, use the same jury pool and same court facilities as United States District Court Judges. Judgment entered by a United States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth Circuit. Since Magistrate Judges do not conduct felony trials, they have greater flexibility and schedule firm trial dates. The parties are advised that they are free to withhold consent or decline magistrate

judge jurisdiction without adverse substantive consequences.

As another response to its large caseload, the Fresno Division of the Eastern District of California is assigning cases, whenever possible, to Article III District Court Judges from around the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

**V.    Scheduling Order**

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for a telephonic trial confirmation hearing before United States District Judge Anthony W. Ishii on **January 19, 2018, at 1:30 p.m.** in Courtroom 2;

2. This matter is set for jury trial before United States District Judge Anthony W. Ishii on **February 27, 2018, at 8:30 a.m.** in Courtroom 2;

3. Counsel for Defendant is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5669**;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **October 27, 2017;**

5. Defendant(s) shall serve and file a pretrial statement as described in this order on or before **November 27, 2017;**

6. In addition to electronically filing a pretrial statement, the defense pretrial statement, in Word format, shall be emailed to: **awiorders@caed.uscourts.gov**;

7. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **October 27, 2017**;

8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **November 27, 2017**;

9. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse

to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **October 6, 2017** and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **November 10, 2017**;

10. The Clerk's Office shall send the parties consent/decline forms;
11. Within **thirty (30) days** from the date of service of this order, the parties shall notify the Court whether they consent to or decline Magistrate Judge jurisdiction by completing the enclosed forms and returning them to the Court; and
12. The Clerk's Office shall send Plaintiff a copy of Local Rule 281 and shall change the name of this case to "*Bussiere v. Tiggs-Brown.*"

IT IS SO ORDERED.

Dated: __**July 14, 2017**__   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE