# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>        Plaintiff,<br><br>    v.<br><br>TIGGS-BROWN,<br><br>        Defendant. | Case No. 1:13-cv-01565-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>**(Docs. 112, 113)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Arthur T. Bussiere, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint, (Doc. 12), filed on June 2, 2014. Plaintiff's only remaining claim is against Defendant Tiggs-Brown for deliberate indifference to Plaintiff's serous medical needs in violation of the Eighth Amendment.

On July 17, 2017, the Second Scheduling Order issued and scheduled this action for trial before District Judge Anthony W. Ishii on February 27, 2018. (Doc. 108.) Subsequently, Defendants consented to Magistrate Judge jurisdiction and the action was reassigned to the undersigned.[1] (Docs. 110, 111.)

---

[1] Plaintiff consented to Magistrate Judge jurisdiction near the action's inception. (*See* Doc. 5.)

1

| | |
|---|---|
| 1 | On September 20, 2017, an order issued requiring the parties to file statements, within |
| 2 | twenty-one (21) days, indicating whether a settlement conference would be beneficial. Although |
| 3 | Defendants filed a response (Doc. 114), Plaintiff failed to do so.  An Amended Second |
| 4 | Scheduling Order issued on September 20, 2017, which preserved all pretrial deadlines and the |
| 5 | trial date, but rescheduled all matters to the undersigned's calendar. (*See* Doc. 113.) Both the |
| 6 | Second Scheduling Order and the Amended Second Scheduling Order required Plaintiff to file his |
| 7 | pretrial statement on or before October 27, 2017. (*See* Docs. 108, 113.) Despite twice receiving |
| 8 | notice of this deadline, Plaintiff has not filed his pretrial statement. |
| 9 | The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or |
| 10 | of a party to comply with . . . any order of the Court may be grounds for the imposition by the |
| 11 | Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. |
| 12 | "District courts have inherent power to control their dockets," and in exercising that power, a |
| 13 | court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of* |
| 14 | *Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, |
| 15 | based on a party's failure to prosecute an action or failure to obey a court order, or failure to |
| 16 | comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) |
| 17 | (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S.* |
| 18 | *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court |
| 19 | order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to |
| 20 | prosecute and to comply with local rules). Plaintiff failed to respond to the Court's order that |
| 21 | required a statement regarding whether a settlement conference would be beneficial, and failed to |
| 22 | file his pretrial statement. |
| 23 | Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service |
| 24 | of this order why the action should not be dismissed for his failure to comply with the order as to |
| 25 | whether a settlement conference would be beneficial, and the Amended Second Scheduling Order |
| 26 | requiring Plaintiff to file his pretrial statement. Alternatively, within that same time, Plaintiff |
| 27 | may file his settlement conference statement and his pretrial statement, or a notice of voluntary |
| 28 | |

dismissal. **Plaintiff's failure to comply with this order will result in dismissal of this action with prejudice.**

IT IS SO ORDERED.

Dated: **November 7, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE