# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>         Plaintiff,<br><br>   v.<br><br>TIGGS-BROWN,<br><br>         Defendant. | No. 1:13-cv-01565-SKO<br><br>**ORDER REQUIRING DEFENDANT TO SUBMIT FORMAL SUGGESTION OF DEATH AND PROOF OF SERVICE** |

Plaintiff, Arthur T. Bussiere, was a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint (Doc. 12), filed on June 2, 2014, alleging a claim against Defendant Tiggs-Brown for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

A docket entry on November 15, 2017, reveals that Plaintiff's copy of the November 8, 2017 Order to Show Cause was returned as undeliverable since Plaintiff is deceased. Defendant subsequently filed a statement indicating that the CDCR had been contacted and confirmed that Plaintiff died on October 22, 2017. (Docs. 116, 117.) However, as discussed below, this action cannot be closed at this time.

Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P. 25(a)(1). The ninety-day period begins to run when a party 1) formally suggests the death of the party on the record, and 2) serves the suggestion of death on the other parties and nonparty

1

successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, a party may be served with the suggestion of death by service on his or her attorney in accordance with Rule 5, while non-party successors or representatives of the deceased party must be served with the suggestion of death pursuant to Rule 4 which sets forth the methods for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

Rule 4 provides that a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In California, service of a summons may be effected by personal delivery (California Civil Procedure Code (CCP) § 415.10); by leaving a copy of the summons at an office or residence with an appropriate person and mailing another copy to the same individual at the same address (CCP § 415.20); by mail (CCP § 415.30); or by publication (CCP § 415.50). Failing these methods, a court may order that a summons be served "in a manner which is reasonably calculated to give actual notice to the party to be served." CCP § 413.30.

Defendant is required to identify the individuals upon whom service of the notice of Plaintiff's death is required and to effectuate proper service on all of those individuals to commence the ninety-day period in which Plaintiff's successors may seek substitution. *See Barlow*, 39 F.3d at 233. If Defendant is unable to effect personal service despite repeated attempts, service may be completed via alternate means, as set forth above. If none of the means of completing service specifically listed can be completed by Defendant, the Federal Rules of Civil Procedure incorporate a California statute which permits the court to order service in any manner reasonably calculated to give actual notice to the person being served. *See* Fed. R. Civ. P. 4(e); CCP § 413.30. Defendant may seek leave to effectuate service in such a manner if Defendant can demonstrate the inability to complete service by one of the methods set forth in the

2

governing rules and state statutes identified above.

Accordingly**, IT IS HEREBY ORDERED**, that Defendant **SHALL** file a formal notice of suggestion of Plaintiff's death with proof of service thereof on Plaintiff's nonparty successors or representatives **within twenty-one (21) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **December 4, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE